UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| QUANITA RHODES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 4:15CV1075 SNLJ |
| | ) | |
| MR. BULT'S, INC. and | ) | |
| RICKY DOUGLAS, | ) | |
| | ) | |
| Defendants/Third-Party Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| ALEXANDER RHODES, | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant/third-party plaintiff Mr. Bult's, Inc.'s motion for reconsideration of its motion for default judgment as to third-party defendant Alexander Rhodes. The motion for default judgment was denied because the proof of service was insufficient. Based on the evidence submitted with the motion for reconsideration, the Court finds that there is sufficient proof of service as to third-party defendant Alexander Rhodes. However, for the reasons set forth below, the motion for reconsideration will be denied.

**I.  Background**

This cause of action arises out of a motor vehicle accident. Plaintiff Quanita Rhodes was a passenger in a car driven by her son, Alexander Rhodes, at the time of the accident. Plaintiff filed this cause of action against the driver of the other vehicle

involved in the accident and his employer. The employer has filed a third-party complaint against Alexander Rhodes alleging claims for contribution and comparative fault. Third-party defendant Alexander Rhodes was served with the summons and complaint by service on Quanita Rhodes, with whom he resides, on October 21, 2015. Third-party defendant has not filed a response to the complaint, and no attorney has entered an appearance on his behalf.

On November 24, 2015, defendant/third-party plaintiff filed a motion for default judgment requesting that the Court enter judgment in favor of defendant/third-party plaintiff and against third-party defendant and requesting that a jury apportion fault to third-party defendant. In its motion, defendant/third-party plaintiff states it is entitled to contribution, offset, and/or reduction in any verdict or judgment equal to the portion of fault allocated to third-party defendant. On November 25, 2015, defendant/third-party plaintiff filed a motion for clerk's entry of default, which was granted on November 30, 2015.

On December 3, 2015, this Court denied the motion for default judgment and ordered the clerk's entry of default withdrawn for insufficient proof of service. The proof of service filed with the Court states that the summons was left at the individual's residence or usual place of abode with Quanita Rhodes, a person of suitable age and discretion who resides there. However, the Proof of Service further states that Quanita Rhodes claimed not to have a son named Alexander Rhodes and claimed her son's name is Alan Rhodes. Without further evidence, the proof of service filed by defendant/third-party plaintiff was insufficient to establish proof of service on third-party defendant

Alexander Rhodes. Defendant/third-party plaintiff has now filed a motion for reconsideration with additional evidence establishing sufficient proof of service. The Court, therefore, will reconsider the motion for default judgment.

**II.     Discussion**

"When a default judgment is entered on a claim for an indefinite or uncertain amount of damages, facts alleged in the complaint are taken as true, except facts relating to the amount of damages, which must be proved in a supplemental hearing or proceeding." *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001). "A party seeking damages under a default judgment must . . . prove its right to such damages with affidavits or other supporting documentation." *Joe Hand Promotions, Inc. v. Game on Bar and Grill, LLC*, 4:13CV499 AGF, 2014 WL 3565656, at *2 (E.D Mo. July 18, 2014). "A party entitled to default judgment is required to prove the amount of damages that should be awarded." *SSM Managed Care Organization, L.L.C. v. Comprehensive Behavioral Care, Inc.*, 4:12CV2386 CAS, 2014 WL 1389581, at *1 (E.D. Mo. Apr. 9, 2014) (citing *Oberstar v. F.D.I.C.*, 987 F.2d 494, 505 n. 9 (8th Cir. 1993). "A default judgment cannot be entered until the amount of damages has been ascertained." *Id.* (citing *Hagen v. Sisseton-Wahpeton Community College*, 205 F.3d 1040, 1042 (8th Cir. 2000). Here, defendant/third-party plaintiff's claim for contribution, offset, and/or reduction against third-party defendant fails to state a claim for which a judgment could be entered at this time. Liability and damages against defendant/third-party plaintiff have not been established and, therefore, any claim against third-party defendant is not yet ripe.

Accordingly,

**IT IS HEREBY ORDERED** that defendant/third-party plaintiff Mr. Bult's, Inc.'s motion for reconsideration of its motion for default judgment as to third-party defendant Alexander Rhodes (ECF #35) is **DENIED** without prejudice.

Dated this 21st day of December, 2015.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE